UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
251 NEW MANNSDALE ROAD LLC and
251 NEW MANNSDALE ROAD 2 LLC,                Index No.: 1:25-cv-07046

                        Plaintiffs,                **VERIFIED COMPLAINT**
      -*against*-                                                                Jury Trial Demanded

DRIVEN BRANDS, INC.                                        Venue based on case arising
                                                                     under diversity jurisdiction.

                        Defendants.
------------------------------------------------------------------x

       Plaintiffs, 251 NEW MANNSDALE ROAD LLC and 251 NEW MANNSDALE ROAD 2 LLC, New York limited liability companies, hereby file this Verified Complaint and sue Defendant, Driven Brands, Inc., a Delaware corporation, and states as follows:

### Preliminary Statement

       1.    This is an action for money damages greater than the jurisdictional amount of Seventy-Five Thousand U.S. Dollars ($75,000) for damages sustained stemming from a breach of contract matter between Plaintiffs, 251 New Mannsdale Road LLC and 251 New Mannsdale Road 2 LLC, New York limited liability companies and Defendant, Driven Brands, Inc, an out of state corporation.

### Parties, Jurisdiction, Venue and Preliminary Matters

       2.    Plaintiffs are New York limited liability companies maintaining their principal place of business in New York. 251 New Mannsdale Road LLC has an 80% interest in the agreements and claims hereinafter described and 251 New Mannsdale Road 2 LLC has a 20% interest in the agreements and claims hereinafter described. 251 New Mannsdale Road LLC and 251 New Mannsdale Road 2 LLC are tenants in common and are collectively hereinafter referred to as "Plaintiffs". Member of Plaintiff LLC reside in New York.

       3.    Defendant is a publicly-traded Delaware corporation maintaining its principal place of business at 440 South Church Street, Suite 700, Charlotte, North Carolina.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in that this is a civil action between citizens of different states and the amount in controversy exceeds a value of Seventy-Five Thousand U.S. Dollars ($75,000), exclusive of interests, costs and attorneys' fees.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) as Plaintiffs reside within any of the judicial districts of the State of New York. As per 28 U.S.C. §1391(b)(2), entities, such as Plaintiffs, are deemed to reside in any judicial district in which such Plaintiffs are subject to the Court's personal jurisdiction with respect to the civil action in question.

6. All conditions precedent to the maintenance of this action have been performed, excused or waived.

7. Plaintiffs have retained the law firm of the Law Offices of Natascia Ayers PLLC to represent it in this action and is obligated to pay such firm a reasonable fee for its services.

## Background Allegations-Mannsdale

8. Effective as of July 19, 2019, tenant and defendant entered into a Facility Lease **(Exhibit "A")** with a prior landlord. The Facility Lease is a single lease that covers the property located at 251 New Mannsdale Road, Madison, Mississippi. This particular Property just described is referred to as the "Mannsdale Property".

9. Simultaneously with the execution of the Facility Lease, and in order to secure the performance of Tenant's obligations thereunder, Defendant executed and delivered to Plaintiff that certain Guaranty of Facility Lease, a true and correct copy of which is attached hereto as **(Exhibit "B")** (the "Facility Lease Guaranty").

10. Simultaneously with the execution of the Facility Lease, and in order to secure the

performance of Tenant's obligations thereunder, Defendant executed and delivered to Plaintiff that certain Guaranty of Facility Lease, a true and correct copy of which is attached hereto as **(Exhibit "B")** (the "Facility Lease Guaranty").

11. On or About December 29, 2020, Plaintiffs, as landlords, executed an assignment and assumption of lease assuming the Facility Lease with IMO US South, LLC, as tenant ("Tenant") of the Mannsdale property, a true and correct copy of which is attached hereto as **Exhibit "C"** (sometimes the "Assignment of Lease").

12. Both Plaintiffs and Defendant are very familiar with the concept of a facility lease. In short, a facility lease provides value and legal protection for the landlord. If the tenant has vacated or abandoned the particular property then the sale value of that property, is dramatically reduced. Tenant and Defendant were both very much aware of this and thus included Section 6.2 in the Facility Lease, which significantly limits the ability of the Tenant to "go dark", i.e. cease to continuously operate, at the Property. Defendant was acutely aware of the economic importance of the Property remaining open and operational and expressly agreed to ensure that Tenant complied with that requirement.

13. Defendant and Tenant are affiliated entities and per Section 5 of the Facility Lease Guaranty, Defendant expressly acknowledged that it is financially interested in Tenant. In fact, Defendant and Tenant each maintain their principal place of business at the same address.

14. Under the Facility Lease Guaranty, Defendant unconditionally and irrevocably guaranteed Plaintiffs the full, timely and complete performance by Tenant of all of the covenants, terms, conditions, obligations, indemnities and agreements existing under the Facility Lease. This included, without limitation, Tenant's compliance with Sections 6.2 and 4.1 of the Facility Lease.

**Tenant Wrongfully Allows the Mannsdale Property to Go Dark**

15. On or about April 1, 2025, and in flagrant violation of Sections 6.2 of the Facility Lease, Tenant abandoned and ceased all active operations on and of the Mannsdale Property and allowed the Mannsdale Property to "go dark". Tenant's go dark decision was calculated and intentional, and not (a) related to any events of casualty or condemnation, (b) part of any periodic remodeling or equipment replacement on or upon the Mannsdale Property, (c) due to any acts of Plaintiffs, its agent, employees or contractors, or (d) due to any acts of force majeure. Tenant's go dark decision is permanent, and Tenant is not working to resume operations at or upon the Mannsdale Property.

16. On April 7, 2025, Plaintiffs notified Tenant in writing of its default of Section 6.2 of the Facility Lease. Despite that formal written notification, Tenant has not resumed operations of the Mannsdale Property. In fact, on or about May 5, 2025, in-house counsel for Defendant admitted and confirmed in a phone conference that Tenant will not resume operation of the Mannsdale Property.

17. On May 1, 2025, Tenant and Defendant stopped paying rent in violation of Section 4.1 of the Facility Lease.

18. Because Tenant and Defendant improperly allowed the Mannsdale Property to go dark and ceased paying rent, Plaintiffs are suffering significant damages, including, without limitation, (a) a dramatic diminution of the value of the Mannsdale Property (b) an inability to sell or refinance the Mannsdale Property (c) increased risk of vandalism of the Mannsdale Property, (d) significant increased costs if a lender is found who would refinance the property and (e) the incurrence of significant out-of-pocket legal, consulting, security fees and general out of pocket fees.

19. The breach by Tenant of Sections 6.2 and 4.1 of the Facility Lease expressly constitutes a "Tenant Default" as defined in Section 17.1 of the Facility Lease. Such Tenant Default, in turn, enables Plaintiffs under Section 17.2 of the Facility Lease, with or without notice, to exercise all remedies available at law or in equity, including, without limitation, any one or more of any and all of the

remedies set forth in said Section 17. Per Section 17 of the Facility Lease, Plaintiffs have elected to accelerate the Rent under the Facility Lease in accordance with the terms of said Section 17.10. As such, Defendant is immediately liable to Plaintiffs for all accelerated amounts owed under the Facility Lease **Exhibit "A"**, but has failed to pay same.

20. As per the Facility Lease section 17.6 defendants must pay plaintiffs the "difference, if any between the present value (utilizing a discount rate of eight (8%) per year of the rent reserve under this Lease on the date of breach and the fair market value of the lease on the date of the breach. This total amount owed by defendants to plaintiffs is $3,910,729.00 plus interest, late fees and penalties.

### Count 1-Breach of the Facility Lease Guaranty-Mannsdale Property

21. This is an action against Defendant for breach of the Facility Lease Guaranty.

22. The allegations of paragraphs 1-16 above are restated and incorporated herein by this reference.

23. By failing to ensure Tenant's performance of Sections 6.2 and 4.1 of the Facility Lease, and by admitting Defendant will not resume operation of the Mannsdale Property, Defendant has breached the Facility Lease Guaranty. Defendant further breached **Exhibit "B"** by failing to pay all accelerated Rent owed under the facility lease **Exhibit "A".**

24. Defendant's breach of the Facility Lease Guaranty is without legal or factual justification or excuse.

25. As a direct and proximate result of Defendant's breach of the Facility Lease Guaranty, Plaintiffs have suffered (and will continue to suffer) damages.

26. Under Section 3 of the Facility Lease Guaranty, Plaintiffs are entitled to recover from Defendant its reasonable costs and attorneys' fees incurred herein as well as interest.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendant for damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and any other relief that may be just and necessary under the circumstances.

Dated: August 26, 2025
      New York, New York

Respectfully submitted,

By: _____
Natascia Ayers, Esq.
Law Offices of Natascia Ayers, PLLC
*Attorneys for the Plaintiffs*
145 Hudson Street, Suite 5C
New York, New York 10013
Tel: (212) 898-8888
Fax: (212) 307-0187

## **VERIFICATION**

**Natascia Ayers, Esq.**, an attorney duly admitted to practice law in the Court of the State of New York, affirms the following to be true under the penalties of perjury:

That I am the founder of **THE LAW OFFICE OF NATASCIA AYERS, PLLC**, the attorneys for the plaintiffs in this action.

That I have read the foregoing **SUMMONS & VERIFIED COMPLAINT** and know the contents thereof, and that the same is true to my knowledge except to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

That the sources of my information are investigation and records in the file. I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
August 26, 2025

_____
Natascia Ayers, Esq.